IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

EDITH P. HOLDERFIELD                                              PLAINTIFF

vs.                                                  CIVIL ACTION NO. 2:11CV33-SAA

COMMISSIONER OF SOCIAL SECURITY                                  DEFENDANT

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Edith P. Holderfield for a period of disability and disability insurance benefits under Section 216(I) and 223 of the Social Security Act and for supplemental security income payments under Section 1614(a)(3) of the Act. Plaintiff protectively applied for benefits on March 20, 2007, alleging that she became disabled on July 7, 2006 due to paranoia, nervousness, vertigo and stress. Docket 10, p. 146-50, 151-58.

The plaintiff's claim was denied initially and on reconsideration. *Id.* at 84-87, 89-91. Plaintiff timely requested a hearing on November 16, 2007 (*Id.* at 76) and testified, with the assistance of counsel, at the administrative hearing that was held over two years later on November 19, 2009. Docket 10, pp. 26-59. The ALJ issued an unfavorable decision on January 13, 2010. *Id.* at 8-17. The Appeals Council denied plaintiff's request for a review on December 21, 2010. *Id.* at 5-8. The plaintiff timely filed the instant appeal from the Commissioner's most recent decision, and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

The plaintiff was born on July 21, 1960, and was forty-nine years old at the time of the hearing. Docket 10, p. 128. She has an eleventh grade education. *Id.* at 152. Her past relevant work was as a cashier and a landscaper. *Id.* at 49. She contends that she became disabled on July 7, 2006 due to paranoia, nervousness, vertigo and stress. *Id.* at 146-50, 151-58. The ALJ rejected her claims of disability, concluding that even though the plaintiff has severe impairments, she can perform her past relevant work. *Id.* at 21-21. As a consequence, she found plaintiff was not disabled. *Id.* at 21.

Plaintiff claims that the ALJ erred by not finding plaintiff's shoulder injury a severe impairment; not ordering a consultative examination after hearing the plaintiff's physical complaints; and not understanding the nature of dissociative disorder. Docket 16.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second,

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim.

---

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8] S*Muse*, 925 F.2d at 789.

*Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

At step one, the ALJ concluded that plaintiff has not engaged in substantial gainful activity since her alleged onset date, March 20, 2007. Docket 10, p. 14. At step two, the ALJ determined that plaintiff suffered from "severe" impairments, namely depressive disorder, not otherwise specified, dissociative disorder, not otherwise specified, an anxiety disorder, not

---

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

4

otherwise specified and cannabis abuse. *Id.* At step three, the ALJ found that her severe impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1. *Id.* at 16. Based upon testimony by the VE at the hearing, and after considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC) to

> perform a full range or work at all exertional levels. The claimant retains the ability to understand, remember and carry out moderately complex four to five step instructions. She can most effectively work in relative isolation but can have occasional interaction with supervisors, coworkers and the general public. She can also maintain attention and concentration for two hour periods at a time.

*Id.* at 17. In light of testimony by the VE, the ALJ found plaintiff was capable of performing her past relevant work at step four and therefore was not disabled. *Id.* at 21.

**A. Whether the ALJ erred in considering plaintiff's shoulder impairment at Step 2.**

Plaintiff contends the ALJ erred by failing to consider properly her shoulder impairment at Step 2. The ALJ found that plaintiff's mental impairments and cannabis abuse were severe, but that her shoulder impairment and vertigo were not. Docket 10, p. 15. Despite plaintiff's claim of error, however, the ALJ did consider all of her impairments properly, including her shoulder impairment. In fact, the ALJ performed as thorough an analysis of her shoulder impairment as possible with the paltry information available to her. The ALJ noted that "[w]hile her medical record refers to her previous shoulder injury, there is no medical determination in which to support her current reported limitations." *Id.* In fact, a review of the record reveals that plaintiff did not complain of shoulder pain to any of her health care providers at any point. The ALJ held the record open for thirty days after the hearing for plaintiff to submit additional medical records, but plaintiff never submitted additional records. The only evidence of plaintiff's shoulder impairment the ALJ could consider was plaintiff's own testimony, which the

5

ALJ found was not credible.  Simply put, there was no objective medical evidence of any shoulder impairment for the ALJ to consider.  According to the Fifth Circuit, subjective complaints must be corroborated by objective medical evidence and should not take precedence over objective evidence.  *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001); *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).  Plaintiff failed to provide any objective evidence concerning her shoulder impairment at all, much less to support that it was severe; the ALJ therefore properly applied the standard for severity.  *Domingue v. Barnhart*, 388 F.3d 462, 463 (5th Cir. 2004).

The Commissioner notes that plaintiff had shoulder surgery in 2000 and still continued to work as a landscaper through July 2006.  Docket 10, p. 191.  The Fifth Circuit has repeatedly held that an ability to work despite a pre-existing condition supports an ALJ's finding that plaintiff is not disabled.  *Vaughn v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995), citing *Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987).  The fact that plaintiff was able to work for six years after her shoulder surgery further supports the ALJ's decision that the shoulder impairment was not a medically-determinable impairment.  Therefore, this argument is without merit.

**B.  Whether the ALJ erred in not ordering a consultative examination**

Plaintiff alleges that the ALJ erred in failing to order a consultative examination of her alleged physical impairment after plaintiff's testimony and after plaintiff's failure to provide any medical records after the hearing.  Docket 16, pp. 10-12.  She asserts that the "ALJ should have ordered a consultative examination to remove all doubt."  *Id.* at 12.  The Commissioner correctly responds that plaintiff's assertion that the ALJ must "remove all doubt" is misplaced.  The ALJ's duty is to ensure that her decision is an informed decision based upon sufficient facts.  *Brock v.*

*Chater*, 84 F.3d 726, 728 (5th Cir. 1996).

Plaintiff did not request a consultative examination at any point during the claims process. It is only now, on appeal, that plaintiff raises this issue. In support of her claim of error, she cites *Ford v. Secretary of Health and Human Services*, 659 F.2d 66 (5th Cir 1981) for the proposition that "[i]t is reversible error for an administrative law judge not to order a consultative examination when such an evaluation is necessary to make an informed decision." Additionally, she invokes the regulations stating that an ALJ must assist a claimant in "obtaining medical reports from the claimant's own medical sources." Docket 16, p. 11. The Commissioner notes that the ALJ did assist the plaintiff by allowing her an additional 30 days after the hearing to submit any records to support her alleged impairments, but plaintiff failed not only to submit any records but also to request any assistance in obtaining any records from her treating sources. In fact, the plaintiff never advised the ALJ of any sources from whom she received treatment for her shoulder impairment. Although plaintiff testified that she was advised by a nurse practitioner at Mount Pleasant Clinic that she had injured her shoulder before she lost her memory, she never testified that the nurse practitioner treated her for the shoulder injury as plaintiff's brief suggests. Docket 10, p. 35. Plaintiff correctly asserts that the ALJ has a duty to develop the record and assist plaintiff in obtaining medical records from her treating sources, but she does not acknowledge that along with the burden of proving her own disability, plaintiff herself bears the burden of supplying records of medical examination and treatment during the relevant period. *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988); 20 C.F.R. 404.1512.

> [The plaintiff] must bring to [the Commissioner's] attention everything that shows that you are . . . disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s) and, if

7

> material to the determination of whether you are . . . disabled, its
> effect on your ability to work on a sustained basis.  We will
> consider only impairment(s) you say you have or about which we
> receive evidence.

20 C.F.R. 416.912(a); 20 C.F.R. 404.1512(a).  Throughout the process, the ultimate burden of establishing disability remains with plaintiff.  *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995).  An ALJ has the duty to investigate, but that duty "does not extend to possible disabilities that are not alleged by the claimant or to those disabilities that are not clearly indicated in the record." *Id.*  An ALJ's responsibility to develop the record is to "ensure that his decision is an informed decision based upon sufficient facts."  *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996).  In this case, the ALJ properly evaluated plaintiff's impairments and the completeness of the record before determining whether plaintiff was disabled..

Moreover, to obtain remand for an ALJ's failure to develop the record, plaintiff must demonstrate that she was prejudiced by the deficiencies she alleges. *Brock v. Chater*, 84 F.3d at 728.  The Fifth Circuit has held that a federal court should not reverse an ALJ's decision for not adequately developing the record unless the plaintiff shows that she was prejudiced by the deficiencies alleged.  *Id.* at 728-29; see also *Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003).  Even now plaintiff has not offered anything other than speculation to support her claim of prejudice in this case.  She has asserted that the ALJ failed to request a consultative examination, but has not provided any evidence on her own that any impairment exists that would necessitate an examination.  Plaintiff has not even alleged that if found severe, the shoulder impairment would meet a listing or prevent her from performing her past work.

The ALJ conducted a review of the entire record and concluded that plaintiff's alleged disabilities failed to establish a disability under the SSA.  The ALJ was not required to go on a

hunting expedition to identify disabilities or provide support for them when plaintiff herself failed to do so. The ALJ carried out her responsibilities and developed the record sufficiently to ensure that her decision was an informed one based upon sufficient facts. It is not the ALJ's responsibility to seek medical records from physicians who have not even been identified by plaintiff or to request consultative examinations when the record already contains substantial evidence upon which to make a determination.. Therefore, the undersigned is of the opinion that the ALJ properly developed the record, and her decision was properly supported by substantial evidence.

**III. Whether the ALJ erred in considering plaintiff's dissociative disorder**

Plaintiff asserts that "although the ALJ found the severe impairment of dissociative disorder, she did not appear to understand the disorder." Docket 16, p. 12. Plaintiff's claim of error is vague at best and sets forth no law upon which the court could possibly remand or find benefits based upon this alleged "error." Instead this section of plaintiff's brief contains misstatements of fact and editorials concerning the treatment of dissociate disorder that are inappropriate in this context.

The ALJ reviewed the records from plaintiff's treating sources, the consulting examiners and the vocational expert (VE) before making her determination that although plaintiff's dissociative disorder was severe, it did not meet a listing or prevent plaintiff from performing her past relevant work. The ALJ reviewed and included in her written decision the opinions of psychologist Elizabeth Dillon, Ph.D., who examined plaintiff and diagnosed her with dissociative disorder. Docket 10, p. 18-19. She also relied upon the opinions of Drs. Paul Leonard and Jesse Dees in reaching her decision. Dr. Leonard was a consultative examiner who

9

was sent all of plaintiff's medical records for review and before performing a comprehensive mental status exam on plaintiff in May 2007. *Id.* at 211-14. Dr. Dees conducted a psychiatric review and found that plaintiff suffers from a dissociative disorder. *Id.* at 222. The ALJ also considered the opinions of Debra Shelton, a counselor that treated plaintiff for three years and provided a Psychiatric Medical Source Statement. Ms. Shelton noted that plaintiff experiences a dissociative disorder as well as other mental disorders, and has a history of cannabis, alcohol, cocaine, hallucinogen and methamphetamine abuse. *Id.* at 425-28.

The ALJ properly considered each of plaintiff's mental impairments, including her dissociative disorder. She considered all four broad functional areas required in the disability regulations 20 C.F.R. §§ 404.1520a(c), 416.920a(c), also known as the "paragraph B" of Listings 12.04, 12.06, 12.08 and 12.09 and "paragraph C" criteria of Listings 12.04 and 12.06, in evaluating the severity of plaintiff's mental disorders. Docket 10, p. 15-16. The ALJ noted that plaintiff has mild restriction in her ability to perform daily living activities; moderate difficulties in her ability to maintain social functioning, mild difficulties in her ability to maintain concentration, persistence or pace, and has not experienced any episodes of decompensation. *Id.* The ALJ thoroughly and properly analyzed plaintiff's dissociative disorder and compared the record evidence from each consulting physician and her treating counselor to the Listings, but ultimately found that the record evidence failed to demonstrate that plaintiff's impairments met any Listing. The ALJ properly addressed the plaintiff's ability to perform sustained work activities in spite of her diagnosis and detailed record evidence to support her conclusions. Therefore, this argument is without merit.

## IV. CONCLUSION

After a review of the evidence presented to the ALJ, this court is of the opinion that the ALJ's opinion was supported by substantial evidence and must be affirmed. The ALJ thoroughly analyzed each of plaintiff's alleged impairments, even those for which no support appeared in the record. She properly weighed the evidence from plaintiff's treating physicians and evaluated plaintiff's impairments under all of the necessary steps. The ALJ's conclusion that the physical and mental impairments alleged during the administrative process do not constitute a disability is supported by substantial evidence, and the decision of the Commissioner is affirmed. A separate judgment in accordance with this Memorandum Opinion will issue this date.

SO ORDERED, this, the 29th day of November, 2011.

    /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE